FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2008 SEP -5 P 4: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

GREGORY L. WILSON                      *

          Petitioner                   *

vs.                                    *   CIVIL ACTION NO. MJG-08-160
                                           (Criminal No. MJG-03-0309)
UNITED STATES OF AMERICA               *

          Respondent                   *

*       *       *       *       *       *       *       *       *

## MEMORANDUM AND ORDER

The Court has before it Petitioner's Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody and the materials submitted relating thereto.

The Court finds that a hearing is unnecessary.

### I.   BACKGROUND

On February 23, 2004, a jury found Petitioner guilty of

conspiracy to distribute cocaine and cocaine base ("crack")

[Count 1 - 21 U.S.C. §846]; possession of a firearm in

furtherance of a drug trafficking crime [Count 2 - 18 U.S.C. §

924 (c)]; being a felon in possession of a firearm [Count 3 - 18

U.S.C. § 922(g); and possession with intent to distribute more

than 50 grams of crack [Count 4 - 21 U.S.C. § 841(a)].

On April 14, 2005, Petitioner was sentenced to incarceration for 240 months on Counts 1 and 2 and 120 months on Court 4, to be serve concurrently for a total of 240 months.  Petitioner was also sentenced to a consecutive term of 60 months on Count 3, making the total sentence 300 months.

Petitioner appealed from his sentence and, on April 19, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence.  United States v. Wilson, 484 F.3d 267(4th Cir. 2007).

Petitioner has timely filed the instant Motion under 28 U.S.C. § 2255.

## II.  GROUNDS ASSERTED

Petitioner asserts the following grounds for relief:

1.  He was denied the effective assistance of counsel.

2.  The Court did not appropriately treat the crack/powder disparity in regard to sentencing.

3.  Petitioner's mother and the mother of his children (herein referred to as "girlfriend") were excluded from the courtroom during jury selection.

2

## III. <u>DISCUSSION</u>

### A.   <u>Ineffective Assistance of Counsel</u>

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness[1], and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.  <u>Id.</u> at 694.

In this case, the Petitioner bases his ineffective assistance claim upon counsel's alleged:

- Failure to seek an evidentiary hearing with regard to the wiretap affidavit.

- Failure to object to prosecutorial misconduct at trial and on appeal.

---

[1] Thus overcoming a presumption that counsel's conduct was reasonable.

3

1.   Wiretap Affidavit

On appeal, the Circuit Court affirmed this Court's decision to admit evidence obtained by means of wiretaps. The appellate court held that the Government had made "a sufficient showing that wiretaps were necessary to reach the ultimate goals of the investigation." Wilson, 484 F.3d at 281.

Petitioner contends that his counsel was ineffective because he did not seek and obtain an evidentiary hearing as to the veracity of the affidavit submitted in support of the application for wiretap authorization under Franks v. Delaware, 438 U.S. 154 (1978).

For Petitioner to establish that he was entitled to a Franks hearing, he would have had to meet a heavy burden. First, "there is a presumption of validity with respect to the affidavit." Id. at 171.

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be

4

> furnished, or their absence satisfactorily
> explained. Allegations of negligence or
> innocent mistake are insufficient.

Id. at 171-72.

Second, even if there were deliberate falsity or reckless

disregard as to particular statements on the part of the

affidavit, there would be a right to a Franks hearing only if

these statements were essential to the finding that resulted in

authorization of the wiretaps.

As stated by the Supreme Court:

> [I]f, when material that is the subject of the
> alleged falsity or reckless disregard is set
> to one side, there remains sufficient content
> in the [   ] affidavit to support a finding of
> [necessity] no hearing is required.

Id.

Petitioner's contentions as to false statements in the

affidavit amount, at most, to little more than "nit picking".

Furthermore, even if one were to set aside every statement

questioned by Petitioner, there would remain ample basis for a

decision that the Government had made a sufficient showing of

necessity.

## 2.   Prosecutorial Misconduct

Petitioner contends that his counsel failed to object at trial, and failed to assert any issue on appeal, with regard to alleged improper statements made by counsel for the Government in final argument. Petitioner's trial counsel testified by affidavit, that in his "professional opinion, the argument of the Government was not in any way improper."

The Fourth Circuit has stated that where there has been improper prosecutorial argument, there are "four factors which are central to determining whether improper prosecutorial comment is so damaging to the defendant's trial as to require reversal." United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983).

These factors are:

- The degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused;

- Whether the remarks are isolated or extensive;

- Absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and

- Whether the comments are deliberately placed before the jury to divert attention to extraneous matters.

The Court, having heard the argument at trial and having now reviewed the transcript of the argument, does not find

6

that any statements that could be characterized as constituting
prosecutorial misstatements would warrant a mistrial.  Indeed,
one could debate whether anything said by Government counsel
could be said to rise to the level of "improper prosecutorial
comment."

Thus, an error that is spontaneously corrected was of no
moment whatsoever.[2]   The other so called "improper" remarks are
either within the range of reasonable debate or of little, if
any, significance in context.  Any errors were inadvertent and
isolated.  Moreover, the Government's evidence at trial provided
overwhelming proof of Petitioner's guilt.

The Court does not fault Petitioner's counsel for his
decision not to object to Government's counsel's argument at
trial.  Counsel's decision to focus the appeal on other grounds
was manifestly appropriate.  As reflected in the appellate
decision, counsel quite competently presented serious issue for
consideration by the appellate court.

---

[2] "We have his gun or - I'm sorry - a gun".  Tr. at 1641.

B.    Crack to Powder Ratio

The Court finds that Petitioner has adequately set forth a

contention that he was entitled to a sentence reduction under 18

U.S.C. § 3582(c)(2) based on Amendment No. 706 to the United

States Sentencing Guidelines related to cocaine base ("crack").

On June 6, 2002, the Court appointed counsel to

preliminarily review the question of whether Petitioner may be

entitled to relief by virtue of this provision.  On July 2, 2008,

counsel provided a status report, attached hereto as Exhibit A.

Counsel stated that since Petitioner was subject to a mandatory

term of 240 months of imprisonment under 21 U.S.C. §

841(b)(1)(A), the revision to the Sentencing Guideline would not

have any effect on his sentence.

The Court, having independently reviewed the matter, must

agree with counsel.  Accordingly, the Court concludes that

Petitioner is ineligible for a sentence reduction under Amendment

No. 706.


C.    Public Trial

Neither the Court nor counsel was aware, during jury

selection or during the trial, of the assertion that Petitioner's

mother and girlfriend were excluded from the courtroom during

8

jury selection.   The Court will assume that, as contended by

Petitioner, his mother and girlfriend were not allowed in the

courtroom during jury selection.   However, there was a large

panel of prospective jurors so that, as reflected in the

transcript, in order to provide seats for seating of prospective

jurors, some had to be invited to sit in the jury box.

In this context, even if the judge had been aware of the

situation, it would have been perfectly reasonable to decide that

a criminal defendant's mother and girlfriend ought not be sitting

together or otherwise mingling with members of the jury panel.

In any event, to the extent that what was done by the

courtroom deputy and/or a security officer could be characterized

as a closing of the courtroom to the public, the closing was "too

trivial to amount to a constitutional deprivation."   Snyder v.

Coiner, 510 F.2d 224, 230 (4th Cir. 1975); United States v. Al-

Smadi, 15 F.3d 153, 154-55 (10th Cir. 1994).   Moreover,

Petitioner does not suggest any way in which he was prejudiced by

the incident.

Accordingly, the Court concludes that the exclusion of

Petitioner's mother and girlfriend from the courtroom during jury

selection does not provide a ground for any relief to Petitioner.

IV.  <u>CONCLUSION</u>

For the foregoing reasons:

1.  Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is DENIED.

2.  This case shall be dismissed with prejudice.

3.  Judgment shall be entered by separate Order.

SO ORDERED on Thursday, September 4, 2008.

_____/ s /_____
Marvin J. Garbis
United States District Judge

10

# EXHIBIT A

OFFICE OF THE FEDERAL PUBLIC DEFENDER
### DISTRICT OF MARYLAND
NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA
FEDERAL PUBLIC DEFENDER

DENISE C. BARRETT
ASSISTANT FEDERAL PUBLIC DEFENDER

**Hand-delivery**

July 2, 2008

**Crack Case  - Status Report**

Honorable Marvin J. Garbis
United States District Judge
United States Courthouse
101 W. Lombard Street
Chambers 5C
Baltimore, Maryland 21201

Re:   *United States v. Gregory Lamont Wilson*
      Case No.: MJG-03-0309

Dear Judge Garbis:

Please accept and docket this letter as a status report in the above-captioned case. U.S. Probation has submitted a report indicating that Mr. Wilson is not eligible for a reduction in his sentence under the recent crack amendments because his sentence was not greater than the applicable mandatory minimum.

In reviewing Mr. Wilson's file, I have no information to rebut U.S. Probation's conclusion. It appears that Mr. Wilson was subject to a 240 month mandatory minimum sentence pursuant to the government's notice of enhanced penalties. Paper No. 117.

Very truly yours

Denise C. Barrett
Assistant Federal Public Defender

DCB/kdw

cc:   Barbara Sale, AUSA
      Estelle Santana, USPO
      Gregory Wilson
      Court file