IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | | Crim. No. RDB-03-0309 |
| | * | |
| GREGORY LAMONT WILSON, | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On February 23, 2004, a jury found Defendant Gregory Lamont Wilson ("Wilson" or "Defendant") guilty of conspiracy to distribute powder and crack cocaine, in violation of 21 U.S.C. § 846 (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Three); and possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) (Count Four).  (ECF No. 126.)  On April 12, 2005, Judge Garbis of this Court sentenced Wilson to 300 months of imprisonment, in part based on a 20-year mandatory minimum for the Count One drug offense.[1]  (ECF No. 158.)  Wilson appealed his sentence, and on April 19, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence.  *United States v. Wilson*, 484 F.3d 267 (4th Cir. 2007).

---

[1] Judge Garbis has since retired.  Wilson's case was reassigned to the undersigned Judge on May 23, 2019.

1

On April 14, 2019, Defendant Wilson filed the presently pending Motion to Reduce Sentence (ECF No. 370) in which he argues that he is eligible for a sentence reduction pursuant to the First Step Act of 2018 because he was convicted of a crack-cocaine offense for which the mandatory minimum has been subsequently amended by the Fair Sentencing Act of 2010. The Government opposed the reduction, arguing that Wilson is ineligible for a reduction in his sentence. (ECF No. 373.) On January 7, 2021, this Court held a Re-Sentencing Hearing and heard arguments of counsel with respect to the Defendant's motion. For the reasons stated on the record, and in light of the Fourth Circuit's rulings in *United States v. Gravatt*, 953 F.3d 258, 258-59 (4th Cir. 2020), and *United State v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019), this Court found that Wilson is eligible for a reduction in his sentence under the First Step Act of 2018. However, this Court requested supplemental briefing from the parties with respect to the Government's argument that this Court remains bound by the 20-year mandatory minimum sentence applied in this case. (*See* ECF No. 386). Having reviewed the parties' supplemental briefings (ECF Nos. 387, 391, 392), this Court held a second Re-Sentencing Hearing on April 6, 2021, and heard arguments of counsel with respect to that additional briefing. For the reasons stated on the record and for the reasons that follow, the Defendant's Motion to Reduce Sentence (ECF No. 370) was GRANTED.

## BACKGROUND

On July 3, 2003, the Defendant Wilson was charged by criminal indictment alongside six other individuals. (ECF No. 1.) On February 23, 2004, a jury found Wilson guilty of conspiracy to distribute powder and crack cocaine, in violation of 21 U.S.C. § 846 (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c) (Count Two); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count Three); and possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) (Count Four).  (ECF No. 126.)  The jury found Wilson accountable for five kilograms or more of powder cocaine and five grams or more of crack cocaine as part of its verdict on Count One, but the jury made no drug quantity finding on Count Four.  (*Id.*)

On January 16, 2004, just prior to trial, the Government filed a notice of its intention to seek enhanced penalties pursuant to 21 U.S.C. § 851 based on one prior felony drug conviction in the Circuit Court for Baltimore County.  (*See* ECF No. 117.)  Judge Garbis ultimately sentenced Wilson to the mandatory minimum set by 21 U.S.C. § 851 of 240 months on Counts One and Four and 120 months on Count Three, to run concurrent to each other, and 60 months on Count Two, to run consecutive to all counts for a total of 300 months' imprisonment.  (ECF Nos. 158, 321.)

On April 14, 2019, Defendant Wilson filed a Motion to Reduce Sentence under First Step Act Section 404 in which he seeks his immediate release from custody.  (*See* ECF No. 370.)  The Government filed a Response in Opposition on May 16, 2019.  (*See* ECF No. 373.)  This Court held a Re-Sentencing Hearing on January 7, 2021, and found that Wilson is eligible for a reduction in his sentence under the First Step Act.  (ECF No. 386.)  However, this Court requested further briefing from the parties on the issue of whether a reduction in sentence should in fact be granted, or if this Court remains bound by the 20-year mandatory minimum applied by Judge Garbis at sentencing.  (*Id.*)

**ANALYSIS**

In 2010, Congress enacted the Fair Sentencing Act of 2010. Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA 10"). The FSA 2010 increased the amounts of cocaine base, otherwise known as crack cocaine, necessary to trigger mandatory minimum sentences for certain trafficking offenses. *See id.* Specifically, the FSA 2010 increased from five to twenty-eight grams the threshold quantity of crack cocaine necessary to implicate the five-year mandatory minimum sentence. *See id.* at § 2(a). The FSA 2010 also increased from fifty to 280 grams the amount of crack cocaine necessary to trigger the ten-year mandatory minimum sentence. *See id.* Accordingly, offenses involving more than twenty-eight but less than 280 grams of crack cocaine were made subject to a sentencing range of five to forty years, and offenses involving more than 280 grams of crack cocaine were made subject to a sentencing range of ten years to life. *See* 21 U.S.C. § 841(b). The FSA 2010 had the effect of reducing the sentencing disparity between offenses for crack cocaine and powder cocaine from 100-to-1 to 18-to-1. *See Dorsey v. United States*, 567 U.S. 260, 269 (2012).

On December 21, 2018, the Federal Government enacted the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"), which states that courts "may, on motion of the defendant . . . impose a reduced sentence" for a criminal defendant who (1) was convicted of a "covered offense," i.e., a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the [FSA 2010]"; and (2) the offense was committed before August 3, 2010; and (3) the defendant did not already receive a reduction under the FSA 2010 or the First Step Act. *See* First Step Act, § 404, 132 Stat. 5194, 5222. Accordingly,

the violation of a criminal statute whose statutory penalties were revised by the FSA 2010 is deemed to be a "covered offense" and defendants previously convicted of such a "covered offense" are eligible to seek a sentence reduction under the First Step Act. *See id.* § 404(a).

For the reasons stated on the record at the Re-Sentencing Hearing on January 7, 2021, and in consideration of clear precedent of the U.S. Court of Appeals for the Fourth Circuit, Wilson was unquestionably convicted of a "covered offense" under Section 404(a): the offense was committed prior to August 3, 2010, and the applicable statutory penalties were modified in part by the FSA 2010. In *United States v. Wirsing*, the Fourth Circuit analyzed how eligibility is determined under the First Step Act, focusing on the proper interpretation of "covered offense." 943 F.3d 175, 185 (4th Cir. 2019). Ultimately, the Fourth Circuit held that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act." 943 F.3d 175, 185 (4th Cir. 2019). In doing so, the Fourth Circuit rejected the Government's contention that the words "statutory penalty" in Section 404 refer to "a violation," and that "a violation" is determined by reference to the offense *conduct* attributable to the count at issue, rather than by reference to the *conviction*. *Id.* The Court held that the "most natural reading of the First Step Act's definition of 'covered offense' is that 'the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]' refers to 'a Federal criminal statute' rather than 'a *violation* of a Federal criminal statute.'" *Id.* (citing § 404(a)) (emphasis in original). Quite simply, there is no eligibility requirement beyond the threshold question of whether the defendant was convicted of a "covered offense."

In *United States v. Gravatt*, the Fourth Circuit expanded upon its holding in *Wirsing*, holding that a defendant convicted of conspiracy to possesses with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and (b)(1)(A)(ii), all of which violated 21 U.S.C. § 846, qualified for a reduction in sentence under Section 404 of the First Step Act. 953 F.3d 258, 263 (4th Cir. 2020). As noted above, section 2 of the FSA 2010 modified the penalties for crack cocaine offenses by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b). Therefore, there was "no question" that if the defendant's sentence involved only the charge related to *crack* cocaine, it would qualify as a covered offense under the First Step Act. *Id.* The question for the Court was whether the fact that the defendant's sentence also included conspiracy to possess with intent to distribute *powder* cocaine made him ineligible for a reduction, as the FSA 2010 did not amend the penalties for such offenses. *Id.* The Fourth Circuit found that there was nothing in the text of the First Step Act that required that a defendant be convicted of a single violation of a federal criminal statute whose penalties were modified by section 2 or 3 of the FSA 2010, and held that the defendant met the basic criteria for eligibility under *Wirsing*. *Id.* at 264. The Court also noted that the Government's position to the contrary would, "in effect, impose an additional limitation to the Act's applicability," and that Congress could have included language creating such a limitation if it had intended to do so. *Id.* Defendant Wilson, was convicted of conspiracy to distribute both powder and crack cocaine in violation of 21 U.S.C. § 846, and because that conviction included a violation of a federal criminal statute whose

penalties were modified by section 2 of the FSA 2010, he is eligible for a reduction in sentence under Section 404 under *Wirsing* and *Gravatt*.

Having determined Wilson is eligible for a reduction in this sentence, this Court turned to question of whether a reduction in sentence was warranted. As noted on the record, if Wilson were charged with the same offenses today, he would face a substantially lower statutory sentencing range. The Defendant argued that he would no longer be subject to the 21 U.S.C. § 851 enhancement under § 401 of the First Step Act, which altered the prerequisites for § 851 to apply. Specifically, a prior drug conviction now qualifies under § 851 only if: (A) "the offender served a term of imprisonment of more than 12 months;" and (B) "the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." None of the six prior convictions shown on Wilson's Presentence Investigation Report meet such requirements. According to Wilson, without the enhancement, Wilson's base offense level would be 34, instead of 40. (ECF No. 370 at 8.) Applying a base offense level of 34 and his determined criminal history category III, Wilson's guideline range today would be 188-235 months' imprisonment (not including the consecutive 60-month term for the § 924(c) conviction). (*Id.*)

The Government did not contest that Wilson's prior convictions would no longer meet the requirements to trigger enhancement under § 851 as it exists today. The Government instead argued that this Court remained bound by the 20-year mandatory minimum set forth under the version of 21 U.S.C. § 851 that was in effect at the time of Wilson's sentencing. (ECF No. 387.) According to the Government, Wilson was "properly subject to an enhanced 20-year mandatory minimum sentence for his Count One offense as a result of [a] prior drug

7

conviction," and the First Step Act does not expressly vest courts with the authority to eliminate § 851 enhancements that were properly applied at the original sentencing proceeding. (*Id.*)

However, in a well-reasoned opinion on February 16, 2021, Judge Messitte of this Court held that courts can, and "indeed should," apply the current version of § 851 (i.e., as amended by Section 401 of the First Step Act) in imposing a new sentence. *See United States v. Sappleton*, No. 01-284-PJM-3, 2021 WL 598232, at *4 (D. Md. Feb. 16, 2021). Judge Messitte found that it would be inconsistent with the remedial purpose of the First Step Act to apply statutory penalties that Congress has since reduced and restricted by narrowing the types of convictions that trigger enhanced penalties. *See id.* (citing *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020) (holding that a "[section 404] resentencing predicated on an erroneous or expired guideline calculation would seemingly run afoul of Congressional exceptions.") Judge Messitte further reasoned that applying "defunct" statutory penalties would be inconsistent with the text of Section 404. As the Fourth Circuit held in *United States v. Chambers*, Section 404 "expressly permits the court to 'impose a reduced sentence'—not to 'modify' or 'reduce,' which might suggest a mechanical application of the Fair Sentencing Act." 956 F.3d 667, 672 (4th Cir. 2019).

In *United States v. Day*, Judge Trenga of the United States District Court for the Eastern District of Virginia considered such language in *Chambers*, noting that "'impose' contemplates a sentencing process that begins essentially *ab initio*, without any carry-over effect from the original sentence and with the full range of considerations typically at play during a sentencing, including the law in effect at the time of the sentencing and the sentencing factors under 18

8

U.S.C. § 3553(a)." 474 F. Supp. 3d 790, 801 (E.D. Va. 2020). Judge Messitte agreed with Judge Trenga's analysis and held that if the Court imposes a new sentence pursuant to Section 404 of the First Step Act, it should apply the sentencing law of today, including the effect of § 401 of the First Step Act on § 851 enhancements. *Sappleton*, 2021 WL 598232, at *4-*5.

In sum, in accordance with the text and purpose of the FSA 2010 and the First Step Act, and under Fourth Circuit precedent, this Court was satisfied that it was not bound by the 20-year mandatory minimum required by § 851 as it existed at the time of Wilson's original sentencing. This Court was also satisfied that a reduction in Wilson's sentence was a fair and consistent with the factors set forth in 18 U.S.C. § 3553(a). Based on the § 3553(a) factors, the Court has considered the record pertaining to (1) Defendant's sentence relative to the nature and seriousness of his offense; (2) his personal history and characteristics; (3) the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to afford adequate deterrence; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide rehabilitative services; (7) the kind of sentences available; and (8) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(1)-(6). As stated on the record, Wilson presented a compelling case that a reduction in sentenced is merited. Perhaps most notably, all of his co-conspirators have been released from custody while he has continued to serve his 300-month sentence—a sentence he would not receive today. For these reasons and those stated on the

9

record, this Court found that a reduction in Wilson's sentence was appropriate and necessary to achieve a fair result.

## CONCLUSION

Accordingly, for the reasons stated above and those set forth on the record, it was ORDERED that the Defendant Wilson's Motion for Reduced Sentence (ECF No. 370) was GRANTED.

Dated: April 7, 2021

                                                                                                                                     /s/
                                                                                                              Richard D. Bennett
                                                                                                              United States District Judge